Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2861/00 C 5662 | **DATE** | 5/16/2001 |
| **CASE TITLE** | Harold Lee Tineybey, et al vs. Howard Peters, et al  Brad Lieberman vs. Timothy Budz, et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due _____. Reply to answer brief due _____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Motion to Dismiss all claims by defendants Liberty Health Corporation, Ray Wood, and Thomas Eisenfelder is granted. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 17 2001 | |
| | Notified counsel by telephone. | date docketed | 28 |
| ✓ | Docketing to mail notices. | 15 | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials |
| | Copy to judge/magistrate judge. | 01 MAY 17 AM 7:55 | |
| WAP | courtroom deputy's initials | | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HAROLD LEE TINEYBEY, et al.,

    Plaintiffs,

v.

HOWARD PETERS, III, et al.,

    Defendants.

---

BRAD LIEBERMAN,

    Plaintiff,

v.

TIMOTHY BUDZ, LINDA BAKER,
VICTORIA DOLL, DR. CAREY, RAY
WOOD, THOMAS EISENFELDER, AND
LIBERTY HEALTH CORP.,

    Defendants.

Case No. 99 C 2861
*(Consolidated with
Case No. 00 C 5662)*

Judge Harry D. Leinenweber

Case No. 00 C 5662

FILED
MAY 16 2001
Judge Harry D. Leinenweber
U.S. District Court

DOCKETED
MAY 17 2001

## MEMORANDUM OPINION

Brad Lieberman filed this pro se case on November 3, 2000, pursuant to 42 U.S.C. § 1983 and "Federal Sexual Harassment Statutes," alleging that the Defendants have violated his civil rights. Defendants Liberty Health Corporation, Ray Wood, and Thomas Eisenfelder now move under Rule 12(b)(6) to dismiss all claims directed toward them.

## BACKGROUND

Lieberman is a civil detainee currently confined by the Illinois Department of Human Services' Sexually Violent Persons

Treatment Unit ("the SVP Unit"), and Lieberman's complaint rails against the injustices of the program. It appears that the only claims directed against Liberty Health, Wood, and Eisenfelder are set forth in Counts 3, 4, and 6. With respect to Liberty Health and Wood, Lieberman complains in Count 3 that their treatment program violates his Fifth Amendment rights by requiring him to detail the crimes for which he was convicted, and they have designed a program intended only to prolong his confinement for their financial benefit. The program as designed and operated by Liberty Health and Wood in conjunction with state officials is patently ineffective as a therapeutic treatment program for sexual offenders. With respect to Eisenfelder, a therapist for the SVP Unit, Lieberman alleges in Count 4 that he has filed false reports about him on two occasions. Lieberman has complained, but no corrective action has been taken. Lieberman asserts that these false reports "can and would be used" to extend his stay in the SVP Unit. Furthermore, Count 6 of the complaint can also be interpreted to allege that Liberty Health, Wood, and Eisenfelder have designed and run a program that harasses and discriminates against heterosexuals in favor of homosexuals.

## DISCUSSION

In ruling on this motion to dismiss, Lieberman's pro se claims will be interpreted liberally, all inferences will be drawn in his favor, and the claims will be dismissed only if he can prove no set

of facts that would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Although Lieberman asserts that the treatment program in the SVP Unit requires him to make statements that may incriminate him, his complaint indicates only that he is expected to discuss the actions for which he was convicted. His conviction removes the privilege with respect to those crimes, however, and therefore he has no privilege to assert. *Kemmerer Bottling Group, Inc. v. Central Truck Parts*, Co., 717 F.Supp. 552, 553 (N.D. Ill. 1989). His claim that the program violates his Fifth Amendment rights must therefore fail.

To the extent that Lieberman seeks to claim that the sexual offender program is a medical service and is inadequate under the Eighth Amendment, Lieberman must show that any medical deprivation is objectively serious and that the SVP Unit officials are acting with deliberate indifference to his needs. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Dissatisfaction with a medical program or disagreement with how a medical program is run, however, is not indicative of deliberate indifference to his medical needs, and by itself, cannot support a § 1983 claim. *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). As Lieberman alleges no facts supporting a claim that these three defendants are deliberately indifferent to his serious medical needs, any such claims are dismissed.

The only claim lodged against Eisenfelder accuses him of filing false reports about Lieberman's behavior. Lieberman does not claim that any disciplinary action was taken against him as a result of the false reports, however. He only complains that Eisenfelder's superiors failed to discipline him. Although Lieberman expresses concern that the reports could be used to extend his detention, his complaint indicates that other SVP Unit staff members realized that Eisenfelder's reports were false. These facts fail to support a due process violation, and therefore do not state a claim under § 1983. *See Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1984). Therefore, Count 4 is dismissed.

The "Federal Sexual Harassment Statutes" cited by Lieberman apparently only includes Title VII. The Title VII prohibition against sexual harassment and discrimination operates only in an employer-employee context, a category into which Lieberman does not fall. Nevertheless, sexual harassment or abuse may form the basis of an Eighth Amendment claim under § 1983. *See Walker v. Taylorville Correctional Center*, 129 F.3d 410, 413-413 (7th Cir. 1997). To rise to the level of a constitutional violation, such harassment or abuse must be objectively and sufficiently serious. *See Berryhill v. Schriro*, 137 F.3d 1073 (8th Cir. 1998). Despite this vague language, the case law is replete rulings that verbal harassment and minor physical contact fail to meet this criteria. *See Walker v. Akers*, No. 98 C 3199, 1999 WL 787602, at *5

(N.D. Ill. Sep. 24, 1999). Lieberman complains that homosexual behavior is freely permitted, even encouraged at the SVP unit and also complains of having to shower with open homosexuals. Although Lieberman may be chagrined by such behavior, being in the company of open homosexuals falls far short of the harassment or abuse required to rise to the level of a constitutional violation. As a result, Lieberman's sexual harassment claims are dismissed.

## CONCLUSION

For the reasons stated above, all claims against Liberty Health, Wood, and Eisenfelder are dismissed.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　United States District Court

Dated:　　May 16, 2001