Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | DAVID H. COAR | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5662 | **DATE** | September 2, 2010 |
| **CASE TITLE** | Brad Lieberman (#837914) v. Timothy Budz, et al. | | |

**DOCKET ENTRY TEXT:**

Defendant Carey's motion for judgment on the pleadings [188] is granted in part and denied in part. Defendant is given 20 days from the date of this order to file an amended answer or otherwise plead to the amended complaint in regard to the remaining claims against him. All attorneys of record are directed to appear at a status hearing set for October 19, 2010 at 9:00 a.m. in courtroom # 1843.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Defendant Dr. Edwin Carey has filed a motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) and 12(h)(2). Plaintiff Brad Lieberman has responded to the motion.

Rule 12(h)(2) allows a party to raise the defense of failure to state a claim upon which relief can be granted in a motion for judgment on the pleadings. Under Rule 12(c), a party may move for judgment on the pleadings any time after the complaint and answer have been filed by the parties. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). When no evidence outside the pleadings is submitted, analysis of a Rule 12(c) motion is the same as analysis of a motion to dismiss under Rule 12(b)(6). *Id.* at 827.

In Count Three of his amended complaint, Plaintiff claims that Dr. Carey denied him his medication for his thyroid condition and that as a result he suffered constant tremors, severe headaches, and sleeplessness.

He further alleges that he was experiencing severe pain and lack of mobility in his left arm and shoulder. Over his objection and without conducting any examination or taking X-rays, Dr. Carey injected Plaintiff with an extremely long syringe. Plaintiff became nauseated and began perspiring profusely. The nurse showed Dr. Carey the ampule from which he had drawn the drug, and Dr. Carey said: "I said cortisone, not [inaudible]." When Plaintiff asked which drug had been administered, Dr. Carey replied: "It was a vitamin, it won't kill you."

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

## STATEMENT

Plaintiff reported to Dr. Carey that he had an open lesion on his upper cheek. Dr. Carey diagnosed it as acne and prescribed Benzoic peroxide. After Plaintiff was transferred to Joliet, he was diagnosed as having basil cell carcinoma. Although Dr. Carey had observed the lesion on four occasions over a four-to-five month period, he never called for a biopsy or referred Plaintiff to a dermatologist. As a result, Plaintiff has had to undergo numerous major surgeries.

The Seventh Circuit held in *Brown v. Budz*, 398 F.3d 904 (7th Cir. 2005), that deliberate indifference claims brought by individuals civilly committed pursuant to the Sexually Violent Persons Act are properly brought under the Fourteenth Amendment. Nonetheless, deliberate indifference claims are analyzed under Eighth Amendment standards. *Id.* The Eighth Amendment protects inmates from deliberate indifference to a serious injury or medical need. *See Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). Allegations of negligence or medical malpractice or incompetence do not state an Eighth Amendment claim. *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir.1997). These standards apply both to prison guards and to medical personnel. However, the dissatisfaction or disagreement with the method of treatment or inability to effect a final cure does not suggest that those who treat an inmate exhibited deliberate indifference. *Snipes v. DeTella*, 95 F.3d 586 (7th Cir. 1996). The question of whether a certain diagnostic technique or form of treatment should be prescribed "is a classic example of a matter for medical judgment." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). A prisoner does not have a right to a particular type of medical treatment. *Meriwether v. Faulkner*, 821 F.2d 408, 413 (7th Cir. 1987). A plaintiff can show that medical professionals disregarded a serious medical need "only if the professional's subjective response was so inadequate that it demonstrated an absence of professional judgment, that is, that no minimally competent professional would have so responded under those circumstances." *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998).

In regard to Plaintiff's claim that he was denied his thyroid medication, Defendant asserts that Plaintiff did not provide any facts to show that he has the medical background to determine whether or not he needed the thyroid medication. In response, Plaintiff alleges that he was diagnosed with Graves Disease in 1997 at the Western Illinois Correctional Center and prescribed medication to treat his hyper-thyroid disease. Defendant discontinued the medication after Plaintiff was transferred to the Sheridan Correctional Center on January 6, 2000. According to the exhibits Plaintiff attached to his reply, Plaintiff was re-prescribed medication for his thyroid condition on December 7, 2001, after suffering a 30-pound weight loss.

Because these are partial reports, it is not clear who referred Plaintiff to an outside specialist or where Plaintiff was detained at the time. With the scant record before it, the Court cannot determine whether Defendant's decision to discontinue Plaintiff's thyroid medication was a matter of medical judgment or whether Defendant's decision was one "that no minimally competent professional would have so responded under those circumstances." *Collignon*, 163 F.3d at 989. The Court accordingly denies Defendant's motion for judgment on the pleadings as to this claim.

In regard to Plaintiff's claim that Defendant injected him with the wrong medication, Plaintiff has pleaded himself out of court. *See, e.g., Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006) (a plaintiff can plead himself out of court by pleading facts that undermine the allegations set forth in the complaint). Plaintiff avers that he went to Defendant because he was experiencing severe pain and lack of mobility in his left arm and shoulder. Defendant injected Plaintiff over his objection and without conducting any examination or taking X-rays. However, an inmate's disagreement with a certain course of treatment does not suggest that those who treat an inmate exhibited deliberate indifference. *Snipes* 95 F.3d 586; *Estate of Cole v. Fromm*, 94 F.3d 254 (7th Cir. 1996); *Meriwether*, 821 F.2d at 413. It was the nurse who allegedly gave Defendant the wrong medication. Defendant may have been negligent in his treatment of Plaintiff's shoulder; however, negligence or even gross negligence is not sufficient for liability, his actions must be intentional or criminally reckless. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). The Court accordingly grants Defendant's motion for judgment on the pleadings as to this claim.

In regard to Plaintiff's claim that Defendant failed to diagnose his basil cell carcinoma, Defendant argues that Plaintiff was seen by Defendant on four occasions and a misdiagnosis is not deliberate indifference. Under the facts of this complaint, which the Court must accept as true on a motion for judgment on the pleadings, it is not clear whether Defendant made a misdiagnosis or whether Defendant's refusal to send Plaintiff to a dermatologist for what Plaintiff describes as an "open, weeping tumor on his face" (Pl. Reply p. 6) demonstrated such a lack of professional judgment as to amount to deliberate indifference. The Court accordingly denies Defendant's motion for judgment on the pleadings as to this claim.

For the foregoing reasons, Defendant Edwin Carey's motion for judgment on the pleadings is granted in part and denied in part. Defendant is given 20 days from the date of this order to file an amended answer or otherwise plead to the amended complaint in regard to the remaining claims against him. All attorneys of record are directed to appear at a status hearing set for October 19, 2010 at 9:00 a.m. in courtroom #1843, Attorney D'Anthony V. Thedford is to report on his efforts to locate unserved defendant Victoria Doll.

Dated: September 2, 2010          Enter:

                                  /s/David H. Coar
                                  David H. Coar, U.S. District Judge